**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT WETTIG, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) **Jury Trial Demanded** |
| vs. | ) |
| | ) |
| WINDSOR LAW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NATURE OF ACTION**

1. Plaintiff Scott Wettig ("Plaintiff") brings this action against Defendant Windsor Law ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries

1

that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

7. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

8. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

9. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

10. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Pennsylvania, County of Lancaster, and City of Lititz.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated November 5, 2018.

20. A true and correct copy of Defendant's November 5, 2018 letter is attached as Exhibit A.

21. Defendant's November 5, 2018 letter was its initial communication with Plaintiff with respect to the Debt.

22. Defendant's November 5, 2018 letter purported to provide the notices required by 15 U.S.C. § 1692g(a). *See* Exhibit A.

23. Defendant's November 5, 2018 letter further stated, in relevant part:

> This debt is now past due and my cleints insist on payment of the entire balance listed above. If you want to resolve this matter without a lawsuit, you must either forward payment in full or contact this office at (484) 665-3145 to work out payment arrangements within thirty days (30) of the date of this letter.

Exhibit A.

24. Defendant's demand for payment in full within the thirty day dispute period would cause the least sophisticated consumer to overlook his rights to dispute the debt.

25. Subsequently, Plaintiff sent Defendant a timely written dispute of the Debt dated December 3, 2018.

26. A true and correct copy of Plaintiff's December 3, 2018 letter is attached as Exhibit B.

27. Plaintiff's December 3, 2018 was delivered to Defendant at 1:45 pm on December 7, 2018.

28. On April 3, 2019, Defendant filed a lawsuit against Plaintiff in Lancaster County Magisterial District Court.

29. A true and correct copy of the Lancaster County Magisterial District Court lawsuit is attached as Exhibit C.

30. Defendant did not obtain and mail Plaintiff verification of the Debt prior to filing the Lancaster County Magisterial District Court lawsuit against Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

31. Plaintiff repeats and re-alleges each factual allegation contained above.

32. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

33. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

34. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v.*

6

*Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

35. "In order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)); *see also Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) ("statutory notice must not only explicate a debtor's rights; it must do so effectively.").

36. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). *See also Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) ("More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector.").

37. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d

932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

38. "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

39. Another way in which a debt collection letter can overshadow the notice of rights under § 1692g is by threatening suit within the 30-day period.

40. While a debt collector may legally initiate suit before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

41. To assist debt collectors who wish to threaten suit in collection notices, Judge Posner has drafted "safe harbor" language—adopted by courts around the nation—that explains the apparent contradiction between the consumer's right to dispute within 30 days and the debt collector's right to bring suit before the expiration of that period, which reads, in relevant part, as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to

suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

42. Where a collection letter makes no effort to explain that the consumer may take advantage of his rights under § 1692g, notwithstanding the threat to file a lawsuit within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b). *See Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011) ("Because the letter lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed.").

43. Additionally, if a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

44. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing or contradiction the notices required by 15 U.S.C. § 1692g(a) and by, after having received a timely written communication from Plaintiff disputing the Debt, continuing collection without having first obtained and mailed Plaintiff verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 14, 2019.

_____
Sharon S. Masters
Pennsylvania Bar No. 50360
2201 Pennsylvania Ave., #517
Philadelphia, PA 19103
Telephone: (888) 595-9111
Facsimile: (866) 317-2674
shmasters@hotmail.com
Counsel for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206